```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

OWEN SULLIVAN,                        :
                                      :
     Plaintiff,                       :
                                      :
     v.                               :    CASE NO. 3:14cv1470(DFM)
                                      :
UNITED PUBLIC SERVICE EMPLOYEES       :
UNION, ET AL.,                        :
                                      :
     Defendants.                      :

## SUMMARY ORDER

Pending before the court is defendant International Union of Journeymen & Allied Trades's ("IUJAT") motion to dismiss,[1] in which it argues that (1) the court lacks subject matter jurisdiction; and (2) the complaint fails to state a claim under either Title VII, 42 U.S.C. § 2000e et seq., or the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(5) ("CFEPA").  For the following reasons, the motion is DENIED.

IUJAT's jurisdictional argument is easily addressed. Plaintiff alleges that IUJAT and defendant United Public Service Employees Union ("UPSEU") were his employer, either singly or jointly.  IUJAT contends that it was not plaintiff's employer and therefore the complaint is lacking in subject matter jurisdiction. This argument fails.  "Congress has broadly authorized the federal

---

[1] On April 1, 2015, the parties consented to jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment. (Doc. #37.)  The court heard argument on the motion to dismiss on June 4, 2015.

courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331. Title VII surely is a 'la[w] of the United States.' *Ibid.*" Arbaugh v. Y&H Corp., 546 U.S. 500, 505 (2006). The question of whether defendant is plaintiff's employer is "an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 516; see also Massaro v. Allingtown Fire Dist., No. 3:03-CV-00136 (EBB), 2006 WL 1668008, at *2 (D. Conn. June 16, 2006) (noting that "[w]hen Congress does not specifically tie a restriction of the scope of a statute to a court's subject matter jurisdiction, 'courts should treat [such a] restriction as nonjurisdictional in character.'") (quoting Arbaugh, 546 U.S. at 516).

IUJAT's next argument is that the complaint fails to state a claim and should be dismissed pursuant to Rule 12(b)(6). The Supreme Court has held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Instead, the complaint must allege "enough facts to state a claim for relief that is plausible on its face . . . . [W]hile a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the

basis for the claim." Gonzales v. Eagle Leasing Co., No. 3:13-CV-1565(JCH), 2014 WL 4794536, at *3 (D. Conn. Sept. 25, 2014) (citations and internal quotation marks omitted). Plaintiff has satisfied this burden.

Title VII makes it unlawful for an employer to discriminate against an employee by retaliating against him because he has opposed a practice that Title VII forbids. 42 U.S.C. § 2000e-3(a). Consequently, the existence of an employer-employee relationship is a primary element of a Title VII claim. Gulino v. New York State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). IUJAT contends that it was not plaintiff's employer. Nonetheless, an international union may be liable for the unlawful actions of its local chapters or their officers if it instigated, supported, ratified, or encouraged the affiliate's discriminatory conduct. Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212, 217-18 (1979). IUJAT argues that plaintiff's Title VII claim fails to allege that IUJAT instigated, supported, ratified, or encouraged UPSEU's alleged discriminatory conduct.

Plaintiff agrees that IUJAT iterates the correct standard under which an international union may be liable for the unlawful actions of its local chapters or officers, but argues that the standard does not apply here. Plaintiff's theory is not that IUJAT is responsible for the alleged discriminatory conduct because of its affiliation with UPSEU. Rather, plaintiff alleges

that IUJAT is directly liable under Title VII because it acted as his employer.  Thus, IUJAT's argument fails.

As for plaintiff's claim under CFEPA, IUJAT similarly argues that the claim should be dismissed because IUJAT was not plaintiff's employer.  Even though plaintiff does allege that IUJAT was his employer, unlike Title VII, CFEPA claims may survive absent an employment relationship.  The plain language of the statute encompasses more than just employers and makes it a discriminatory practice for "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice."  Conn. Gen. Stat. § 46a-60(a)(5); see also Ahmad v. Yellow Cab Co. of New London & Groton, 49 F. Supp. 3d 178, 187 (D. Conn. 2014).  Plaintiff's complaint sufficiently alleges that IUJAT aided, abetted, incited, compelled, or coerced the alleged discriminatory conduct.

Having satisfied the pleading requirement for both Title VII and CFEPA claims, IUJAT's motion to dismiss is DENIED.

SO ORDERED at Hartford, Connecticut this 9th day of June, 2015.

                                                  _____/s/_____
                                                  Donna F. Martinez
                                                  United States Magistrate Judge